W. F. BOND Revived in the name of MAXEY A. BOND, *v.* C. BISHOP.
MOTION FOR REHEARING.

The proper time to demand proof of the death of a party to an appeal, and the appointment and qualification of an administrator, in whose name the suit is revived, is at the time the suggestion of death and motion to revive is made; it is too late for the opposite party to demand it after a trial on the merits—the proof is waived.

LABAUVE, J. On an application for rehearing in this case, the defendant takes, as grounds :

1. That the instruments sued upon are, by their form, obligations in solido, and that the judgment is erroneous in decreeing him to pay one-half of the debt, when he is only bound for one-third thereof, it being his virile share.

2. If the plaintiff and defendant are co-sureties, of Rogers, then the judgment is erroneous, because plaintiff paid these notes without suit.

3. That the evasive answers of plaintiff to the interrogatories clearly indicate that, if he had not in his hands assets of Rogers, at the time which he alleges to have paid these notes, he subsequently became possessed of such, sufficient to satisfy these notes.

4. That, since this appeal was taken, the plaintiff has died, and that this suit was revived in this Court in the name of Maxey A. Bond, as administratrix of the estate, and judgment rendered in her favor, without

any evidence of her appointment; and that, until such evidence is produced in this Court, she is not a proper party.

On passing on these grounds, we take the first two together :

1 and 2. The two notes sued upon are in solido, and signed by Rogers, Bond and Bishop; but the defendant clearly admits, by his counsel's brief, filed in this Court, as well as by the defence and interrogatories in the case, that the parties to this suit were sureties for said Rogers. These notes being in solido, as regarded Richardson, the payee, none of the parties stood in the relation of sureties. The plaintiff could have opposed to the creditor neither pleas of discussion or division, and was not required to suffer suit before discharging the debt, in order to avail himself of his remedy against his co-surety. Civil Code, Arts. 2086, 2089, 3027. 2 An. 334.

3. We are satisfied that the interrogatories propounded by defendant have been substantially answered, negatively, by the plaintiff.

4. The death of the plaintiff having been suggested, upon motion of his counsel, filed on 11th July, 1866, the suit was revived in the name of Maxey A. Bond, his widow, administratrix. The case was regularly fixed for trial, and both parties filed briefs, the plaintiff on the 12th, and the defendant on the 18th July, 1866; the case being called up for trial, was submitted to the Court. The proper time to have required proof of the death of plaintiff, as well as of the qualification of the administratrix, was when the suggestion of death and the motion to revive were made. The trial upon the merits was a waiver of these objections.

Rehearing refused.